IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Juneidy Mijangos Vargas, on behalf a minor, J.A.M.; and Johana Gutierrez, on behalf of minors, Y.S.G.R. and J.I.G.R., <br><br>      Plaintiffs,<br><br>  v.<br><br>The United States of America,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)  C/A No. 1:17-cv-05052-SCJ<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## **JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**[1]

**1.**  **Description of Case:**

 (a)  Describe briefly the nature of this action.

This is a case under the Federal Tort Claims Act ("FTCA"), arising out of immigration enforcement actions that occurred on January 2, 2016. After this Court's orders on Defendant's two separate motions to dismiss, the remaining plaintiffs—J.A.M., Y.S.G.R., and J.I.G.R.—will pursue their remaining claim, false imprisonment.

---

[1] This pleading was prepared by counsel for Juneidy Mijangos Vargas, on behalf of a minor, J.A.M., and counsel for Defendant. Though Plaintiff Johana Gutierrez, proceeding *pro se*, participated in the Rule 26(f) conference and was mailed a copy of this draft with a request that she provide edits or approval, no response has been received as of this filing.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

On January 2, 2016, United States Immigration and Customs Enforcement ("ICE") conducted immigration enforcement actions throughout the southeastern United States, seeking to arrest and remove foreign nationals with outstanding removal orders. During this operation, ICE entered the homes of the plaintiffs. After entering the homes, ICE officers ordered the families into the family room. The entire families were held in their respective family rooms for approximately an hour. J.A.M., Y.S.G.R., and J.I.G.R. are United States citizens.

(c) The legal issues to be tried are as follows:

Plaintiffs' position:

(1)   Whether ICE falsely imprisoned J.A.M., I.S.G.R., and Y.S.G.R. under Georgia law.

Defendant's Position:

(1)   Whether ICE falsely imprisoned J.A.M., I.S.G.R., and Y.S.G.R. under Georgia law.

(2)   Whether J.A.M., I.S.G.R., and/or Y.S.G.R. suffered any damages.

(3)   Whether any damages suffered by J.A.M., I.S.G.R., and/or Y.S.G.R. were proximately caused by the alleged false imprisonment.

(d) The cases listed below are:

(1) Pending Related Cases: None.

(2) Previously Adjudicated Related Cases: None.

**2. This case is complex because it possesses one or more of the features listed below (please check):**

|  |  |  |
|---|---|---|
| _____ | (1) | Unusually large number of parties |
| _____ | (2) | Unusually large number of claims or defenses |
| _____ | (3) | Factual issues are exceptionally complex |
| _____ | (4) | Greater than normal volume of evidence |
| _____ | (5) | Extended discovery period is needed |
| _____ | (6) | Problems locating or preserving evidence |
| _____ | (7) | Pending parallel investigations or action by government |
| X | (8) | Multiple use of experts |
| _____ | (9) | Need for discovery outside United States boundaries |
| _____ | (10) | Existence of highly technical issues and proof |
| _____ | (11) | Unusually complex discovery of electronically stored information |

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff J.A.M.:

Bradley Banias
South Carolina Bar No. 76653
Wasden Banias LLC
1037 Chuck Dawley Blvd, Suite D100
Mount Pleasant, South Carolina 29464
brad@wasdenbanias.com
843.410.9340

Plaintiffs Y.S.G.R., and J.I.G.R.:

Johanna Gutierrez
1115 Sunrise Field Court
Lawrenceville, GA 30043

Defendant:

Gabriel A. Mendel
U.S. Attorney's Office for the Northern District of Georgia
600 United States Courthouse
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303

4. **Jurisdiction:**

   Is there any question regarding this Court's jurisdiction?

   \_\_\_\_Yes        x   No

   If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined: None.

   (b) The following persons are improperly joined as parties: None.

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(e) List separately any amendments to the pleadings that the parties anticipate will be necessary: None.

(f) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(g) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(h) *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(i) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E,

respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(j) *Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**9.     Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? No. If so, please state the issues which could be addressed and the position of each party.

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Discovery will be necessary to find facts about: (1) the Defendant's

entrance to plaintiffs' homes, (2) Defendant's actions while inside Plaintiffs' homes, and (3) plaintiffs' damages.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Due to the complexity of this case, which will include numerous depositions, as well as expert discovery regarding childhood trauma, the parties request at least **six months** to complete discovery. The parties would note that, given the ongoing circumstances with COVID-19, it is unlikely any in person discovery will be able to take place until at least June 1, 2020. Such a delayed start may require additional time to complete discovery.

**11.     Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed? None.

(b) Is any party seeking discovery of electronically stored information?

___X___ Yes              _____ No If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows: The parties anticipate discussing the sources and scope of ESI at the time discovery requests are served and will work to limit the scope of production as needed at that time.

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files),

7

Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows: Parties agree to serve each other with PDF format documents via upload, download, or cd rom.

**12.   Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)? None.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on March 27, 2020, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff J.A.M.: Lead counsel (signature): s/Bradley B. Banias

Plaintiffs Y.S.G.R., and J.I.G.R. (pro se): _____

For defendant: Lead counsel (signature):): /s Gabriel A. Mendel

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(_____) A possibility of settlement before discovery.
(_____) A possibility of settlement after discovery.
( x ) A possibility of settlement, but a conference with the judge is needed.
(_____) No possibility of settlement.

(c)   Counsel(_____) do or ( x ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is within 30 days of the end of discovery.

  (d) The following specific problems have created a hindrance to settlement of this case.

Plaintiff JAM's position: Counsel for Defendant filed a sworn declaration in this Court recounting the details of the settlement negotiations at mediation Plaintiff JAM's counsel is concerned that the contents of any further settlement discussions will not be confidential, and will be revealed to the Court in an effort to limit Plaintiff JAM's potential damages.

Defendant's position: After an unsuccessful mediation, Plaintiffs mischaracterized Defendant's offer of judgment and sought to have the Court enter nine judgments instead of the one offered. The Court denied this effort. Defendant is concerned that any further settlement offers will be similarly mischaracterized. In rebutting Plaintiffs' effort, it was necessary for Counsel for Defendant to disclose settlement offers that were exchanged before, during, and after mediation.

Trial by Magistrate Judge:

  Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

  (e) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge a form has been submitted to the clerk of court this _____ day, of 20__.

  (f) The parties ( x ) do not consent to having this case tried before a magistrate judge of this Court.

| | |
|---|---|
|  s/Bradley B. Banias | /s/Gabriel A. Mendel |
| Counsel for Plaintiff J.A.M. | Counsel for Defendant |

---

Johanna Gutierrez, on behalf of Y.S.G.R., and J.I.G.R.

\* \* \* \* \* \* \* \* \* \* \* \*
## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this ___ day of _____, 20_____.

_____
STEVE C. JONES
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Juneidy Mijangos Vargas, on behalf of minor J.A.M.; and Johana Gutierrez, on behalf of minors Y.S.G.R. and J.I.G.R.,<br><br>Plaintiffs,<br><br>v.<br><br>The United States of America,<br><br>Defendant. | Civil Action No.<br><br>1:17-CV-05052-SCJ |

## **CERTIFICATE OF COMPLIANCE**

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in LR 5.1B for documents prepared by computer.

Respectfully submitted,

*s/ Gabriel Mendel*
Gabriel Mendel
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| Juneidy Mijangos Vargas, on behalf of minor J.A.M.; and Johana Gutierrez, on behalf of minors Y.S.G.R. and J.I.G.R., : : : : Plaintiffs, : : v. : : The United States of America, : : Defendant. : | Civil Action No. 1:17-CV-05052-SCJ |

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the within and foregoing with the Clerk of Court using the CM/ECF system, and by first-class mail to:

Johanna Gutierrez
1115 Sunrise Field Court
Lawrenceville, GA 30043

This 10th day of April, 2020.

                                              Respectfully submitted,

                                              *s/ Gabriel Mendel*
                                              Gabriel Mendel
                                              Assistant U.S. Attorney